IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLIFTON LEE BATTLE, ) <br> ID # 1678495 ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:11-CV-1353-G-BH <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 21, 2011. The respondent is Rick Thaler, Director of TDCJ-CID.

On October 3, 2008, petitioner pled *nolo contendere*, was convicted of sexual abuse of a child, and was sentenced to six years imprisonment in Cause No. F06-30145-L. *See* Petition (Pet.) at 2; *Battle v. State*, 2010 WL 2698294 (Tex. App.–Dallas July 6, 2010).[1] Petitioner filed a direct appeal of this conviction, arguing that the evidence was insufficient to support the conviction and that the trial court erred in admitting certain evidence into trial. *Id.*. His conviction and sentence were affirmed in an unpublished opinion on July 6, 2010. *Id*. Petitioner did not file a petition for discretionary review. (Pet. at 9). Petitioner filed a state habeas application that is still pending with the trial court. (*See* www.dallascounty.org, Cause No. W06-30145-A).

---

[1] Petitioner also pled *nolo contendere* to aggravated sexual assault of a child and was placed on ten years deferred adjudication. Petitioner does not challenge this sentence.

In his federal petition, petitioner appears to assert the same claims that he asserted on direct appeal. (Pet. at 7).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals. While petitioner did appeal his convictions, he did not file a petition for discretionary review with the Court of Criminal Appeals, and his state application has not yet been addressed by that court. The Court of Criminal Appeals has not had an opportunity to review

2

the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 21st day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE